Moncure, J.
delivered the opinion of the court.
The plaintiffs in error were presented for unlawful *520 gaming. They pleaded in abatement that a member of the grand jury which made the presentment was over the age of sixty years, and by reason thereof not qualified to servé on the grand jury. There was a demurrer to the plea and joinder in demurrer. The Circuit court sustained the demurrer, and ordered the said plaintiffs to answer further to the presentment; which failing and refusing to do, judgment was rendered against them according to law. , And on their petition this court awarded a writ of error to the judgment.
This ease involves the construction of the first section of the act passed April 9,1853, entitled “an act concerning the compensation and’ empanneling of jurors, their qualifications and manner of selection in certain cases,” which declares “that all free white male persons who are twenty-one years of age, and not over sixty, shall be liable to serve.as jurors, except as hereinafter provided.” .Sess. Acts, p. 43, ch. 27, § 1. The exceptions here referred to are certain officers and professional persons, who, by the second section of the act, are £t exempted from serving on juries.”
Does the first section apply to grand jurors as well as petit jurors? And if so, does it -create a disqualification, or a mere exemption from serving on juries? These are the questions, upon the decision of which, or one of which, the case depends. If the section does not apply to grand jurors; or does not disqualify a person over sixty years of age to serve as a juror; in either case there is no error in the judgment of the Circuit court. If the converse of both propositions be.true, then there is such error. It is well settled that the disqualification of one of the grand jury finding an indictment may be pleaded in abatement to the indictment. 3 Rob. Pr., old ed., p. 82, and cases cited; 1 Chit. C. L. 307.
The first is a doubtful question, to say the least of it. The first section of chapter 162 of the Code, entitled *521 “of juries generally,” as reported by the re visors in their report, p. 813, was in these words: “Wo person shall be qualified to serve upon a jury, grand or petit, in any proceeding civil or criminal, unless he is qualified to vote in the election of members of the general assembly, is over 25 and under 60 ’ years of age, and owns property real or personal of the value of $300.”
The fourth section of chapter 206 of the Code, entitled “of grand juries,” as reported by the Revisors Id. p. 1008, was in these words: “ For every grand jury there shall be summoned twenty-four citizens of this state who are freeholders of the county or corporation in which the court is to be held, and when they are grand jurors for a county court not inhabitants of a town having a corporation court, and who are mother respects qualified jurors, and not constables, ordinary keepers, surveyors of roads, nor owners nor occupiers of water grist mills.”
The former of these two sections expressly embraces grand as well as petit juries, and tlié words, “who are in other respects qualified jurors,” in the latter, clearly refer in part at least, to the qualifications prescribed by the former. Indeed, the note appended to the said words by the revisors, points directly to the" former section.
The former section was materially amended by the legislature, so as to make it read, “Wo person shall-be qualified to serve upon a petit jury, in any proceeding, civil or criminal, unless he is 21 years of age, and owns property, real or personal, of the value of $ 100.” Code, p. 628, ch. .162, § 1. The latter section was adopted without amendment, except an immaterial transposition of words. Id. p. 767, ch. 206, § i. The words “and in other respects qualified jurors,” were retained in the section. But they had not the same meaning in the Code as in the report of the Revisors. In the latter, as before *522 stated, they plainly referred, in part at least, to the qualification of grand as well as petit jurors expressly created by ch. 162, § 1. But in the Code they could have no such reference ; as by the legislative amendment of the last mentioned section, the qualification thereby created was expressly confined to petit jurors, and to make the words in question still refer to that section as amended, would altogether destroy the effect of the amendment.
There was then no doubt about the meaning, and no room for construction, of the report of the revisors, nor of the Code on this subject. Then came the act of April 9,1853, the first section of which is before recited, and is of doubtful meaning. It does not mention “ a jury, grand or petit,” as the report of the re visors does; nor “a petit jury,” as the Code does; but “jurors” only, without any adjective. And the question is, whether this word embraces both grand a/nd petit as the former does, or petit only as the latter does.
The act is very long, containing forty sections, and certainly relates, in different parts of it, to grand as well as petit jurors. The most of it relates to petit jurors only. But three sections relate expressly to grand jurors, viz: The fourth, which amends and re-enacts the second section of chapter 206 of the Code, p. 766, for the purpose of requiring a grand jury to be at only two, instead of four, of the quarterly terms of the county, and some of the corporation courts; the fifth, authorizing any court in which a grand jury is to be empanneled, to limit the number of persons to serve thereon, provided it be not less than sixteen; and the ninth, which, after prescribing how jurors required for the trial of cases, except felony, shall be selected and returned to serve, concludes with directing that “grand jurors shall be summoned as now provided by law.” In all the other sections in which juries or jurors are mentioned, they are mentioned without the adjective *523 “grand” or “petit.” Indeed the word “petit” no where occurs in the act. Where the noun 'alone is used, it generally refers to petit juries, or jurors only; as .the context plainly shows. In one or two instances, and especially the first section before recited, the meaning of the word is somewhat equivocal. Why, on the one side it may be asked, did the legislature drop the adjective petit used in the Code, if they intended to confine their meaning to petit jurors ? And why, it may be asked on the other, did they-not use both adjectives, gramd and petit, as the revisors did, if their meaning comprehended both ? Or why did they not use the word petit anywhere in the act, though they plainly intended, generally, to confine their meaning to petit jurors? The twenty-fourth section is in these words: “No exception shall be allowed' against any juror after he is sworn upon the jury on account of his age or other legal disability, unless by leave of the court.” It will not be contended that this section extends to grand jurors. But why does it not, at least as much as the first "section; for it is, if possible, more comprehensive in its terms. It may be said that the twenty-fourth section is copied, almost literally, from former laws, and has been judicially construed to be confined to petit jurors. 1. R. C. 1819, p. 266, § 12, and note (h); Cherry’s case, 2 Va. cas. 20, and note; Long’s case, Id. 318; and Therby’s case, 7. Leigh 747. On the other hand it may be said that the connection in which the provision is used in former laws confines its meaning in them, necessarily, to petit jurors; whereas there is nothing in the act of 1853 to limit the meaning of the word “juror” in the twenty-fourth section any more than the word “jurors” in the, first section. If the twenty-fourth section relates to grand as well as petit jurors, the exception in this case came too late, and there is an end of the case. I admit, however, that it does not. But that *524 it does not, is at least an argument to show, that neither does the first section relate to grand as well as petit jurors. Another argument tending the same' way is, that while the act of 1853 repeals six of the sections of chapter 162 of the Code, entitled “of juries generally,” it repeals no section of chapter 206, entitled “of grand juries,” and amends only one for the purpose before stated. Thus leaving the latter chapter, with a slight amendment, still standing as the law of the land, and indicating an intention to make no material change of the law in regard to grand juries; at least none not plainly expressed in the act.
I am therefore inclined to think that the first section of the act of 1853 does not apply to grand jurors. Indeed the counsel for the plaintiffs in error admit that it does not; that it was intended to fix and define the qualification of petit jurors, and is substituted to the place of sec. 1 of ch. 162 of the Code, and occupies the same relation which it did to sec. 4 of ch. 206; but they contend that the words, “in other respects • qualified jurors,” in the last mentioned section, refer to the qualification of petit jurors prescribed by the first section of the act of 1853. If I have shown, as I think I have, that the words in question did not refer to sec. 1 of ch. 162 of the Code, it follows, on the admission aforesaid, that they do not refer to section 1, of the act of 1853.
But suppose the first section of the act of 1853 does apply to grand as well as petit jurors, does it create disqualification; or a mere exemption from serving on juries ?
The first section of chapter 162 of the Oode, clearly creates a disqualification. It declares expressly that “no person shall be qualified” deo., “unless he Is 21 years of age,” &c. But the first section of the act of 1853 uses very different language. It declares “that all free white male persons, who are 21 years of age and not *525 over 60, shall be liable to serve as jurors,” &c.; which necessarily implies that none under 21 or over 60 shall be so liable. The word “ qualified” is neither expressed nor implied in the act. The word both expressed and implied is “ liable,” which has a very different meaning from “qualified.” Its meaning is “ bound” or “ obliged.” And the section should be construed as if it had been written: “Ho person under 21 or over 60 years of age shall be obliged to serve as a juror; but all free white male persons who are 21 years of age and not over 60, shall be obliged, when duly required, to serve as jurors, except as hereinafter provided.” This would not be a disqualification, but a mere exemption of persons of the former class from serving on a jury.
But it may be asked, if this be so, why were not persons of that class included among the exempts embraced in the second section. They might ivell, perhajrs, have been. But they are at least as well embraced in the first section, or implied thereby. The second section seems to be confined to persons who are exempted on account of their office or profession. A person exempt from serving on juries is not liable to serve; and a person not liable to serve is exempt from serving. The terms seem to be convertible. If the legislature had intended to exempt only persons under 21 or over 60 years of age, they could not have done so more plainly or appropriately than by the first section. But intending, besides this general exemption, to make certain special ones, they enumerated them in the second section' The words “ liable to serve” embrace all persons mentioned in the first and not exempted in the second section; and are so used in some of the other sections of the act, as the seventh and twenty-second.
Again, it may be asked, is a person under 21 years of-age a qualified juror? And if not, how can a person over 60 be a qualified juror, since the two ages are men *526 tioncd in the same section and in immediate connection; thus showing that if the 'legislature intended to dis-the former, they intended also to disqualify the latter. The answer is that the first section of the act of 1853 does not disqualify any person, and therefore not a person under 21 years of age. It merely declares who are liable to serve, and thus plainly implies who are not liable. If a person so implied not to be liable, is in fact disqualified, it must be under some other law. Certainly under the Code, p. 628, ch. 162, § 1, a person less than 21 years of age was disqualified to serve only on a petit jury and not on a grand jury.' And this seems also to have been the case under the Code of 1819,1 E. C. p. 266, § 12. Still he may have been disqualified at common law, as will be further noticed presently. If so, there is nothing in the statute which repeals or changes the common law in this respect; certainly nothing in the first section of ■ the act of 1853. That a person over 60 years of age may be disqualified by statute to serve on a jury, is undoubtedly true. But then the statute to have that effect ought to be very plain; and if the words used be as consistent with a mere exemption as with a disqualification, they will be construed in the former, rather than in the latter sense. We have instances of this in the construction -which has been put upon certain English statutes of a like nature. See 1 Chit. C. L. 309; 5 Bac. Ab. Juries. We must construe a statute according to its subject matter. The same words may create a disqualification, or exemption merely, according to the subject matter. If atstatute directed the sheriff not to summon persons over 60 years old to serve on juries, it would be construed to create a mere exemption, in the absence of any thing in the context to show that a disqualification was intended. If it directed him not to summon persons convicted of infamous offences, it would be construed to create a disquali *527 fication. The subject matter would indicate an intention, in the former case to relieve certain persons from the duty of serving on juries, and in the latter to prevent them from serving. It is upon this principle that constables, ordinary keepers, surveyors of roads, and owners and occupiers of water grist mills, have been held to be disqualified by the statute directing them not to be summoned on grand juries. They are peculiarly liable to presentment, and therefore considered to be improper persons to be on .the grand jury. In Mora/rüs case, 9 Leigh 651, it was held that the disqualification of owners and occupiers of water grist mills, though general in its terms, is limited to the jurisdiction within which their mills are situated. Judge Summers, in delivering the opinion of the court in that case, makes the following observation which is appropriate to this case: “ The privilege of a freeholder residing in the county to serve on grand juries, is inherent by the common law, and .sanctioned by our act of assembly, except so far as the latter may have taken it away on principles of public policy; therefore, in construing the latter, we deem it proper to adopt the interpretation which will least abridge the general privilege, and confine the exception to the necessity and reason of the enactment.”
Again it may be said, that the 4th sec. of ch. 206 of the Code, p. 767, which still remains in force, requires that “for every grand jury there shall be summoned twenty-four citizens of this state, who are freeholders of the county or corporation in which the court is to be held, and in other respects qualified jurors, and not constables,” &c., and that the words “in other respects qualified jurors” must refer to the first section of the act of 1853, as there is no other act now in force which creates any other qualification than those contained in the 4th section itself of ch. 206 of the Code. I have already had occasion to notice why these words were inserted in the *528 Code, and they lost much if not most of their meaning by the amendment in the legislature of chapter 162, § 1 the Code, as reported by the revisors, while no corresponding change was made in chapter 206, § 4. Still the words are not without meaning as'the law now stands. There are common law qualifications of grand jurors to which the words may refer. They were required to be jproti, mot Uteri, et legales homines. 5 Bac. Ab. Juries A, p. 311, E 347. And therefore, we aré told, it is a good exception at common law to one returned on a grand juay, that he is an alien, or villein, or that he is outlawed for a calme, or that he was not returned by the proper officea1, or that he was returned at the instance of the pa’osecutoa1. Id. 311. Agaiaa, in reference to the qualification of jurors, that they should be liberi et legales homines, the same author says: “ IIeaa.ce it has been always clearly holdeai that aliens, minors or villeiaas cannot be jurors.” Also infamy is a good cause of challenge to a juror; as that he is outlawed, or that he hath been adjudged to any corpora! punishment whei’eby he becomes infamous, or that he hath beeaa convicted of treason, or’felony, or perjury, &c. Id. 347. Indeed, the Code, p. 734, § 3, expi’essly makes conviction of perjury a disqualification; and this is oaie case at least to which the words in question may refer. That some of these common law disqualifications may be anea'ged in statutory provisions in regard to thean, cannot affect others not so mei’ged. •
As to the argument that if the fii’st section of the act of 1853, does not pa-escribe a qualification, then there is no law to disqualify minors, free negroes, Indians and women, froan serving on juries; it is a sufficient answer to say, that such persons are not Uteri et legales homines, and aa-e therefoa’e not qualified jurors at comanon law. The same objection, in kind if-not in degree, might .have been taken to the law as contained in the Codes *529 of 1819 and 1849, for in neither was there any provision requiring jurors to be “free white male persons;” and yet no one ever supposed that under either, a free negro, Indian or woman could be a juror. Free negroes are also disqualified by statute to serve on grand juries, because they cannot be citizens. That a common law qualification may have once been prescribed by a statute also, which has been repealed, does not destroy the common law qualification. Such a statute would be only in affirmance of the common law. But if it were repugnant thereto, the repeal of it would of course restore the common law. The provision in the Code, ch. 16, § 19, p. 102, that “ when a law, which may have repealed another, shall itself be repealed, the previous law shall not be revived without' express words to that effect, unless the law repealing it be. passed during the same session,” applies only to statute law.
I am therefore of opinion that the first section of the act does not create a disqualification. There is no other statute which disqualifies a person over 60 years old from serving on a jury, and certainly he is not disqualified by the common law. It follows that I am for affirming the judgment.
Allen, P. and Lee and Robertson, I. concurred in the opinion.
Daniel, J. dissented.
J UDGMENT AFFIRMED.